**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FONA INTERNATIONAL, INC., DEANNA MAHRIN, JOSH MADDOX, TOMMY NEVILL, LANA HENSLEY, DOWELL DAVIS, AND MARCIA YOUNG | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Associated Industries Insurance Company, Inc. ("Associated"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants FONA International, Inc. ("FONA"), as well as Defendants Deanna Mahrin, Josh Maddox, Tommy Nevill, Lana Hensley, Dowell Davis and Marcia Young (collectively the "Underlying Plaintiffs"), states as follows:

## NATURE OF THE ACTION

1.      In this action, Associated seeks a determination of its rights and obligations under insurance policies issued to Defendant FONA in connection with an Underlying Action (defined herein) filed by the Underlying Plaintiffs, which asserts claims against FONA.

2.      The Underlying Action is pending in the Circuit Court, 25th Judicial Circuit, Texas County, Missouri.

3.      Plaintiff Associated issued successive Commercial General Liability Policies (the "Policies" as defined herein) to FONA, as described more fully below.

4. Defendant FONA tendered the claims asserted against it in the Underlying Action to Associated for a defense and indemnity under the Policies.

5. The scope of coverage available to Defendant FONA in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policies.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff Associated is a corporation organized under the laws of Florida with its principal place of business in Boca Raton, Florida.

8. Defendant FONA is a corporation organized under the laws of Illinois with its principal place of business in  Carol Stream, Illinois.

9. Defendant Deanna Mahurin is a resident of Mountain Grove, Missouri and a citizen of the State of Missouri.

10. Defendant Josh Maddox is a resident of Houston, Missouri and a citizen of the State of Missouri.

11. Defendant Tommy Nevill is a resident of Cabool, Missouri and a citizen of the State of Missouri.

12. Defendant Lana Hensley is a resident of Cabool, Missouri and a citizen of the State of Missouri.

13. Defendant Dowell Davis is a resident of Cabool, Missouri and a citizen of the State of Missouri.

14.     Defendant Marcia Young is a resident of Cabool, Missouri and a citizen of the State of Missouri.

15.     Associated does not assert any claims against the Underlying Plaintiffs, but they have been named as defendants in this action solely as necessary and indispensable parties.

16.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Associated, on the one hand, and Defendants FONA and the Underlying Plaintiffs, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying FONA with regard to the Underlying Actions exceeds $75,000.

17.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this action occurred in this judicial district.

18.     An actual justiciable controversy exists between Associated, on the one hand, and FONA and the Underlying Plaintiffs, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

19.     The Underlying Plaintiffs have filed a first amended petition (the "Petition") against, *inter alia*, Defendant FONA, in a lawsuit styled *Deanna Mahurin, et al v. Centrome, Inc. et al,* Case No. 22TE-CC00146, in the Circuit Court of Texas County, 25th Judicial Circuit, Missouri (the "Underlying Action"). A true and correct copy of the Petition in the Underlying Action is attached hereto as **Exhibit A**.

20.     The Petition alleges that the Underlying Plaintiffs worked, at various times, at a plant owned and/or operated by Dairy Farmers of America, located in or near Cabool, Missouri (the "Plant") which made and/or sold food and/or beverage products. Ex. A, ¶¶ 1-6.

21.     Specifically, the Petition alleges the Underlying Plaintiffs worked at the Plant during the following time periods: i) Defendant Deanna Mahurin worked at the Plant from in or about 1988 through in or about 2019; ii) Defendant Josh Maddox worked at the Plant from in or about June 2014 to the present; iii) Defendant Tommy Nevill worked at the Plant from in or about 1988 to in or about 2018; iv) Defendant Lana Hensley worked at the Plant from in or about 1990 through in or about 2012; v) Defendant Dowell Davis worked at the Plant from in or about 1992 through in or about 2014; and vi) Defendant Marcia Young worked at the Plant from in or about 1994 through in or about 2017. Ex. A, ¶¶ 2-6

22.     The Petition further alleges that, while working at the Plant, the Underlying Plaintiffs incurred occupational exposure to diacetyl, diacetyl trimer, 2,3 pentanedione, 2,3 hexanedione, 3,4 hexanedione, 2,3 heptanedione, acetoin and other diketones (the "toxic flavorings"). Ex. A, ¶ 7.

23.     The Petition alleges that, as a result of the Underlying Plaintiffs' occupational exposure at the Plant to the toxic flavorings designed, manufactured, distributed, marketed and/or sold by, *inter alia*, FONA, each Underlying Plaintiff was injured and suffered damages. Specifically, the Petition alleges that each Underlying Plaintiff suffers from lung disease and impairment resulting from occupational exposure to toxic flavorings used at the Plant while each Underlying Plaintiff worked there. Ex. A, ¶¶ 5,7,58.

24.     The Petition assert causes of actions against, *inter alia*, FONA for Negligence; Strict Product Liability – Design, Manufacturing, and Inherent Defects; Strict Product Liability – Failure to Warn and Strict Product Liability – Failure to Instruct.  Ex. A, ¶¶ 60-82.

## THE POLICIES

25.     Plaintiff Associated Industries Insurance Company issued two successive policies to Defendant FONA which were in effect between October 1, 2018 and October 1, 2020 (collectively, the "Policies").  A true and accurate copy of the Policies are attached hereto as **Exhibit B** and **Exhibit C**.

26.      The Policies each provide Commercial General Liability coverage, subject to limits of liability of $1 million per Each  Occurrence, $1 million Personal and Advertising Limit and a $2 million General Aggregate, subject to a $10,000 per occurrence/per offense deductible. Ex. B, AIIC000007, AIIC000097, Ex. C, AIIC000113, AIIC000205.

27.     Coverage A under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit' seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

* * *

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

**(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

* * *

Ex. B, AIIC000025, Ex. C, AIIC000131.

28.     Coverage B under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

* * *

Ex. B, AIIC000029, Ex. C, AIIC000135.

29.     Section V – Definitions of the Policies contains the following relevant definitions:

* * *

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

    e. Oral or written publication, in any manner, of material that violate a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

* * *

Ex. B, AIIC000036, AIIC000038, Ex. C, AIIC000142, AIIC000144.

30.     The Policies contain the following Exclusion – Continuous, Progressive or Repeated Offenses endorsement (hereinafter referred to as the "Continuous & Progressive Endorsement"):

**2.     Exclusions**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" including continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury"

**Continuous, Progressive or Repeated Offenses:**

**(1)**     that first occurs, in whole or in part, prior to the effective date of this policy;

**(2)**     first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period;

**(3)**     first occurs, in whole or in part, prior to the effective date of this policy, also occurs during the policy period, and ceases to occur after the expiration or cancellation date of this policy;

**(4)**     first occurs, in whole or in part, after the expiration or cancellation date of this policy; or

**(5)**     is alleged in a "suit" against any Insured where the filing date of the original complaint or other pleading initiating that "suit" is a date preceding the effective date of this policy, regardless of whether any Insured was named as a party to, or was served with process regarding, that "suit" prior to the effective date of this policy.

The exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)** apply regardless of whether the "bodily injury", "property damage", or "personal and advertising injury" was or is known or unknown by any Insured.

For purposes of the exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)**, in the event of continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury" over any length of time, such "bodily injury" or "property damage" shall be deemed to be one "occurrence" and shall be deemed to occur at the time the "bodily injury", "property damage" or "personal and advertising injury" first begins.

Ex. B, AIIC000101, Ex. C, AIIC000209.

31.     The Policies also contain a Deductible Liability Endorsement which provides a $10,000 deductible per occurrence for bodily injury claims.   Ex. B, AIIC000097, Ex. C. AIIC000205.

## THIS DISPUTE

32.     Defendant FONA has sought a defense and indemnity from Plaintiff Associated under the Policies in connection with the claims asserted against it in the Underlying Action.

33.     Plaintiff Associated has determined through its coverage investigation that it owes no obligation to defend or indemnify Defendant FONA in connection with the claims asserted against it in the Underlying Action.

34.     Plaintiff Associated has advised Defendant FONA in writing that it disclaims any obligation under the Policies to provide a defense and/or indemnify Defendant FONA in connection with the claims asserted against it in the Underlying Action.

35.     Plaintiff Associated now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Defendant FONA in connection with the claims asserted against it in the Underlying Action.

## COUNT I
## No Duty to Defend or Indemnify Under Coverage A of the Policies
## – Defendants Hensley, Davis and Young

36.     Plaintiff Associated incorporates by reference herein paragraphs 1 through 35, as if the same were fully set forth at length.

37.     The Insuring Agreement of Coverage A of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . . ." Ex. B, AIIC000025, Ex. C, AIIC000131

38.     The Insuring Agreement of Coverage A further provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an "occurrence" that takes place in the "coverage territory" and '[t]he 'bodily injury' or 'property damage' occurs during the policy period."  Ex. B, AIIC000025, Ex. C, AIIC000131.

39.     The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policies define "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured."  Ex. B, AIIC000036, AIIC000038, Ex. C, AIIC000142, AIIC000144.

40.     The Petition in the Underlying Action does not allege that the Underlying Plaintiffs suffered "property damage" as defined in the Policies for which they seek to impose liability against FONA.

41.     However, to the extent the Petition filed in the Underlying Action could reasonably be interpreted as alleging the Underlying Plaintiffs sustained "bodily injury" as defined under the Policies, the insuring agreement of Coverage A further provides that the insurance provided under the Policies applies to "bodily injury" only if, *inter alia*, the "bodily injury" occurs during the policy period.  Ex. B, AIIC000025, Ex. C, AIIC000131.

42.     The Policies were in effect between October 1, 2018 and October 1, 2020.  Ex. B, AIIC000007, Ex. C, AIIC000113.

43.     The  Petition alleges that Defendant Lana Hensley worked at the Plant from in or about 1990 through in or about 2012.  Ex. A, ¶ 4.

44. The Petition alleges that Defendant Dowell Davis worked at the Plant from in or about 1992 through in or about 2014. Ex. A, ¶ 5.

45. The Petition alleges that Defendant Marcia Young worked at the Plant from in or about 1994 through in or about 2017. Ex. A, ¶ 6

46. Since the Petition alleges that Defendants Hensley, Davis and Young only worked at the Plant during time periods outside the effective periods of the Policies, the allegations do not seek to impose liability against Defendant FONA for "bodily injury" that occurred during the Policies' effective periods and, therefore, the coverage afforded under the Policies does not apply to the claims asserted against Defendant FONA by Defendants Hensley, Davis and Young.

47. Accordingly, Plaintiff Associated disclaims any obligation under the Policies to defend or indemnify Defendant FONA in connection with the claims asserted against it in the Underlying Action with regard to Defendants Hensley, Davis and Young because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant FONA in connection with the claims asserted in the Underlying Action by Defendants Hensley, Davis and Young.

**COUNT II**
**No Duty to Defend or Indemnify Under Coverage A of the**
**Policies – All Underlying Plaintiffs**

48. Plaintiff Associated incorporates by reference herein paragraphs 1 through 35 as if the same were fully set forth at length.

49. The Insuring Agreement of Coverage A of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured

becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . . ." Ex. B, AIIC000025, Ex. C, AIIC000131.

50.     The Insuring Agreement of Coverage A further provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an "occurrence" that takes place in the "coverage territory" and '[t]he 'bodily injury' or 'property damage' occurs during the policy period." Ex. B, AIIC000025, Ex. C, AIIC000131.

51.     The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policies define "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured. Ex. B, AIIC000036, AIIC000038, Ex. C, AIIC000142, AIIC000144.

52.     The Petition in the Underlying Action does not allege that the Underlying Plaintiffs suffered "property damage" as defined in the Policies for which they seek to impose liability against Defendant FONA.

53.     To the extent the allegations contained in the Petition filed in the Underlying Action could reasonably be interpreted as satisfying the requirements of coverage under the insuring agreement of Coverage A of the Policies, the Continuous & Progressive Endorsement contained in the Policies would operate to preclude coverage for such claims.

54.     The Continuous & Progressive Endorsement provides, in pertinent part, that "[t]his insurance does not apply to 'bodily injury' . . . including continuous, progressive or repeated 'bodily injury' that "first occurs, in whole or in part, prior to the effective date of this policy" or

"first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period". Ex. B, AIIC000101, Ex. C, AIIC000209.

55.     The Continuous & Progressive Endorsement further provides, in pertinent part, that "in the event of continuous, progressive or repeated 'bodily injury' . . . over any length of time, such 'bodily injury' shall be deemed to be one 'occurrence' and shall be deemed to occur at the time the 'bodily injury' . . . first begins." Ex. B, AIIC000101, Ex. C, AIIC000209.

56.     The Petition filed in the Underlying Action alleges that, as a result of their exposure to toxic flavorings during their employment at the Plant, the Underlying Plaintiffs suffered from lung disease and impairment. Specifically, the Petition alleges the Underlying Plaintiffs worked at the Plant during the following time periods: i) Defendant Deanna Mahurin worked at the Plant from in or about 1988 through in or about 2019; ii) Defendant Josh Maddox worked at the Plant from in or about June 2014 to the present; iii) Defendant Tommy Nevill worked at the Plant from in or about 1988 to in or about 2018;  iv) Defendant Lana Hensley worked at the Plant from in or about 1990 through in or about 2012; v) Defendant Dowell Davis worked at the Plant from in or about 1992 through in or about 2014; and vi) Defendant Marcia Young worked at the Plant from in or about 1994 through in or about 2017. Ex. A, ¶¶ 2-6

57.     The Policies were in effect between October 1, 2018 and October 1, 2020.  Ex. B, AIIC000007, Ex. C, AIIC000113.

58.     The Petition filed in the Underlying Action alleges that the Underlying Plaintiffs sustained "bodily injury" from exposure to toxic flavoring during their work at the Plant which first occurred, in whole or in part, prior to the effective date of the Policies or, alternatively, first occurred, in whole or in part, prior to the effective date of the Policies and also occurred during the effective period of the Policies.

59.     Accordingly, even if the allegations of the Petition filed in the Underlying Action meet the requirements of the insuring agreement of Coverage A, coverage for the claims asserted against Defendant FONA in the Underlying Action would be precluded by the operation of the Continuous & Progressive Endorsement of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant FONA in connection with the claims asserted in the Underlying Action.

**COUNT III**
**No Duty to Defend or Indemnify Under Coverage B of the Policies**
**– All Underlying Plaintiffs**

60.     Plaintiff Associated incorporates by reference herein paragraphs 1 through 35, as if the same were fully set forth at length.

61.     The Insuring Agreement of Coverage B of the Commercial General Liability Part of the Policies provides that "[Associated] will pay those sums that the insured becomes legally obligated to pay damages because of 'personal and advertising injury' to which this insurance applies. . . . However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply."  Ex. B, AIIC000029, Ex. C, AIIC000135.

62.     The Policies' definition of "personal and advertising injury" contains seven enumerated offenses.  Ex. B, AIIC000038, Ex. C, AIIC000144.

63.     The Petition in the Underlying Action does not allege that the Underlying Plaintiffs sustained  "personal and advertising injury," as defined under the Policies, as a result of Defendant FONA designing, manufacturing, distributing, marketing and/or selling toxic flavorings that were used at the Plant.  As a result, the Petition in the Underlying Action does not seek to impose liability

against Defendant FONA for damages because of "personal and advertising injury" as defined in the Policies.

64.     Accordingly, Plaintiff Associated disclaims any obligation under the Policies to defend or indemnify FONA in connection with the claims asserted against it in the Underlying Action because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Commercial General Liability Coverage Part of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant FONA in connection with the claims asserted in the Underlying Action.

## <u>PRAYER FOR RELIEF</u>

Plaintiff Associated Industries Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendant FONA, declaring as follows:

a.     This court has jurisdiction over the parties and the subject matter of this litigation;

b.     The Policies do not provide coverage to Defendant FONA for the claims asserted against in the Underlying Action;

c.     Associated Industries Insurance Company does not owe a duty under the Policies to defend or reimburse defense costs incurred by Defendant FONA in connection with the claims asserted in the Underlying Action;

d.     Associated Industries Insurance Company does not owe a duty under the Policies to indemnify Defendant FONA in connection with the claims asserted in the Underlying Action;

e.     Associated Industries Insurance Company is entitled to an award of its costs; and

f.     Such other further relief as this Court deems just and appropriate.

Dated: January 26, 2023

Respectfully Submitted,

By:      */s/ James J. Hickey*
         James J. Hickey, Atty. No. 6198334
         James.Hickey@kennedyslaw.com
         Karen Andersen Moran, Atty. No. 6224382
         Karen.Andersenmoran@kennedyslaw.com
         KENNEDYS CMK LLP
         30 South Wacker Drive, Suite 3650
         Chicago, IL 60606
         Phone: (312) 800-5029
         Fax: (312) 207-2110

         *Attorneys for Associated Industries Insurance Company, Inc.*